Plaintiff's Name __Kenyatta Hutchinson__
Inmate No. __1866202   H304__
Address __17695 Industrial Farm Rd__
__Bakersfield CA 93309__

**FILED**

NOV 2 4 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

__Kenyatta Hutchinson__                    __1:09-CV-2052 - LJO-GSA__
(Name of Plaintiff)                                      (Case Number)

vs.                                                            COMPLAINT

__Patrick Mara, Joshua Finney,__          Civil Rights Act, 42 U.S.C. § 1983
__and James Jones of the Bakersfield__
__Police Department are being sued__
__in their individual capacity__
__John Does 1-50__

(Names of all Defendants)

I. **Previous Lawsuits** (list all other previous or pending lawsuits on back of this form):

   A.   Have you brought any other lawsuits while a prisoner? Yes ___ No _X_

   B.   If your answer to A is yes, how many? __N/A__
        Describe previous or pending lawsuits in the space below.
        (If more than one, use back of paper to continue outlining all lawsuits.)

**RECEIVED**

NOV 2 4 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

   1. Parties to this previous lawsuit:

      Plaintiff __N/A__

      Defendants __N/A__

   2. Court (if Federal Court, give name of District; if State Court, give name of County)
      __N/A__

   3. Docket Number __N/A__          4. Assigned Judge __N/A__

   5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
      __N/A__

   6. Filing date (approx.) __N/A__   7. Disposition date (approx.) __N/A__

1

**II.** **Exhaustion of Administrative Remedies**

    A.    Is there an inmate appeal or administrative remedy process available at your institution?

    Yes___ No _X_

    B.    Have you filed an appeal or grievance concerning <u>ALL</u> of the facts contained in this complaint?

    Yes _X_ No___

    If your answer is no, explain why not _____

    C.    Is the process completed?

    Yes___    If your answer is yes, briefly explain what happened at each level.

    No___    If your answer is no, explain why not.

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you <u>must</u> exhaust the process before filing suit.** Booth, 532 U.S. at 734.

**III. Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

    A.    Defendant _Patrick Mara_ is employed as _Police Officer_ at _Bakersfield Police Department_

B. Additional defendants Joshua Finney Bakersfield Police Department
James Jones Bakersfield Police Department
John Does 1-50

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

See Attached

## V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Order the defendant(s) to pay plaintiff redress for the amount stated in document.

I declare under penalty of perjury that the foregoing is true and correct.

Date 11-04-2009 Signature of Plaintiff [signature]

(revised 6/01/04)

KENYATA HUTCHINSON 1866202 H304
17695 INDUSTRIAL FARM RD
BAKERSFIELD, CALIFORNIA 93308

IN PRO PER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATA HUTCHINSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICERS PATRICK MARA, JOSHUA FINNEY, AND JAMES JONES OF THE BAKERSFIELD POLICE DEPARTMENT ARE ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY<br>JOHN DOES　　1-50<br>　　　　Defendant | ) Case No.:<br>)<br>) CIVIL RIGHTS ACT, 42 U.S.C. 1983<br>) DEMAND FOR A JURY TRIAL AND<br>) FOR COMPENSATORY AND PUNITIVE<br>) DAMAGES<br>)<br>)<br>) |

**PLAINTIFF ALLEGES**

1. This is an action brought under 42 U.S.C. 1983 Civil Rights Act. Plaintiff claims are result of an illegal arrest in violation of the Fourth and Eighth amendment of the United State Constitution.

2. The jurisdiction of this court is predicated on 28 U.S.C. And 1331 and 1343.

3. Plaintiff Kenyata Hutchinson is and at all times mentioned in this complaint is a citizen of the United States of America and a resident of Kern County, Bakersfield, California.

[Summary of pleading] - 1

4. Defendant(s) Patrick Mara 958, Joshua Finney (aka Josh Finney) 974 and James Jones 942, are and at all times mentioned in this complaint were residents in Kern County, Bakersfield, California. Venue is therefore proper under 28 U.S.C. 1391 (b).

5. The events giving rise to this action occurred in Kern County, Ca. venue is therefore under 28 U.S.C. 1391(b).

6. Defendant(s) Patrick Mara, Josh Finney and James Jones is/are at all times mentioned in this complaint, is/are employed in Kern County.

7. Defendant(s) Patrick Mara, Josh Finney and James Jones is/are at all times mentioned in this complaint, personally acting under Color of Authority while in the course of their employment as Bakersfield Police Officers with the Bakersfield Police Department.

8. Defendant(s) Patrick Mara, Josh Finney and James Jones is/are at all times mentioned in this complaint, acting personally while under Color of State Law in California.

9. Defendant(s) Patrick Mara, Josh Finney and James Jones is/are being sued in their individual capacity.

10. Plaintiff seeks re-dress via compensatory and punitive damages for violation of his constitutional rights and State Statutes to wit: the 4th and 8th Amendment of the U.S. Constitution and California Constitution, Article 1, sec 7; Article 1, sec 13 and Penal Code 236.

### STATEMENT OF FACT

I, Plaintiff being from an extra large family had just arrived at my uncle's house on 11-24-07, present were a lot of family and friends visiting, (men and women). A white van speeds from across the alley into the driveway and hits the closed fence, and all of a sudden men dressed in all black jumped out running. I am not a gang member but was aware of

potential gang activity in the area so I was suspicious and worried about possible violence. By instinct for my safety, I reacted by running from in front of the house. These people were dressed all in black, and wearing black bennie's and ski mask, and being that it was dark, I had no idea who they were.

They turned out to be (BPD) Bakersfield Police Department Gang Unit (SEU) Special Enforcement Unit.

I was falsely arrested in violation of H.S. Code 113515.5, P.C. 186.22, P.C. 148 and P.C. 182(A).

I declare Defendant Officer Patrick Mara falsified the probable cause declaration under penalty of perjury to wit:

"Hutchinson was loitering at a known West Side Crip hangout with other West Side Crip gang members. Upon contact with police SEU and rac subjects ran, one of the other subjects was in possession of cocaine base packaged for sales.

Hutchinson was found to have discarded a bindle of cocaine base, and also in possession of currency consistent with narcotics sales."

It should be noted on this probable cause declaration that there are two different hand writings, making it fact the BPD, (SEU) willingly falsified their oath in executing an arrest without regard for the law. In court testimony neither officers could identify the handwriting on the probable cause declaration, and testified that it was not their handwriting.

During a secondary search (2) additional individual bindles of cocaine base <u>were located</u>."

Defendants intentional violated their own police supra;

him drugs were being sold at 1007 Sixth Street and using a unmarked police vehicle and dressing in unusual police gear to target anybody caught at supra address, thus violating plaintiff's 4th and 8th amendment right.

Plaintiff is entitled to redress if his appeals are delay in the United State Court system via the remaining five Court of Records. Plaintiff is an active member of local 220 Laborers Union at 2201 "H" Street Bakersfield, Ca. 93301.

Plaintiff wages were $26 dollars an hour and weekly pay via forty hours a week would be $1040. Plaintiff court procedure continued for two years which would amount to $108,000, and for every year spent in prison Plaintiff would be entitled to $54,000 a year plus punitive damages, and at 13 years of imprisonment $810,000 adding punitive damages $2,000,000.

## CLAIMS

1. Plaintiff suffered a Fourth Amendment violation by all defendant(s) in violation of the U.S. Constitution.

2. Plaintiff suffered cruel and unusual punishment in violation of the 8th Amendment of the U.S. Constitution in that he was subject to lost of his liberty and endured irreparable damage physically and mentally via being shackled, imprisoned and convicted of a crime.

I declare under penalty of perjury that the foregoing is true and correct

Dated: 11-04-2009

Kenyata Hutchinson
In Pro Per

[Summary of pleading] - 5

## BAKERSFIELD POLICE DEPARTMENT OF RULES OF CONDUCT

W.R. RECTOR, CHIEF OF POLICE

PROCEDURE: (Specifically, rules 1, 36, 38)

1. **It is the responsibility of each officer and employee to have read, understood, and to be familiar with all of the rules, regulations, operating procedures, and other policies issued by the Bakersfield Police Department. Every officer and employee of the Department must follow, obey and abide by these rules and regulations. In the event of a violation of any of these written rules of conduct, it will be presumed that the officer or employee understood, had knowledge of, and was familiar with the rule, procedure or policy in question. A willful or deliberate failure to follow, obey, or abide by these regulations is a violation and may result in disciplinary action, including but not limited to, suspension, discharge, or demotion.**

36. **No officer or employee shall willfully make a false official report or a report which he/she knows to contain false statements; nor shall he/she willfully omit facts that, if known, could affect the outcome of a case; nor shall he/she omit facts in an attempt to deceive or mislead.**

38. **An officer or employee shall not fabricate, withhold, alter or destroy evidence of any kind, except as prescribed by law.**

Defendant Josh Finney intentionally with malice aforethought acted under color of law by participating in Plaintiff's criminal trial and providing false information against Plaintiff in violation of Penal Code 186.22.

Defendant James Jones under color of law acted as the initial Officer to undermine the Fourth Amendment in arresting Plaintiff for supra charges via claiming a citizen informant advised

[Summary of pleading] - 4