IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATA HUTCHINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK MARA, JOSHUA FINNEY AND JAMES JONES OF THE BAKERSFIELD POLICE DEPARTMENT, sued in their individual capacities, JOHN DOES 1-50,<br><br>    Defendants. | Case No. 1:09-cv-2052-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO ORDER DISMISSING COMPLAINT |

On November 24, 2009, Plaintiff Kenyata Hutchinson ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint according to 42 U.S.C. § 1983, against Bakersfield Police Department Officers Patrick Mara, Joshua Finney and James Jones. On December 2, 2009, the Court granted plaintiff's request to proceed *in forma pauperis*. (Doc 5)

Because Plaintiff has been granted leave to proceed IFP, this Court must "screen" his complaint under 28 U.S.C. § 1915(e)(2)(B), and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii); see Noll v. Carlson,

809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

**1. Section 1983 complaint**

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978) (citing Rizzo v. Goode, 432 U.S. 362, 370-371 (1976)).

///
///

2. **Analysis**

   A. **Summary of the Allegations**

   Plaintiff alleges that on November 24, 2007, he was visiting a relative's house when a van arrived. The van was filled with, as it turns out, members of the Special Enforcement Unit of the Bakersfield Police Department who were assigned to gang enforcement. Plaintiff asserts that he did not realize that the occupants of the van were police officers and thought that they may be gang members. Fearing that violence would soon erupt, Plaintiff ran.

   Plaintiff was stopped by police officers and arrested. Plaintiff alleges that he was "falsely arrested" for violations of California Health & Safety Code section "113515.5"[1], Penal Code section 186.22 and Penal Code section 148. In essence, Plaintiff was arrested for being in possession of narcotics, for being a member of a street gang and for resisting arrest.

   In his complaint, Plaintiff seems to assert that his arrest was improper because the probable cause declaration supporting his arrest was written in two different handwritings and because the officers who testified at his trial, denied that the handwriting belonged to them. Likewise, he asserts that Officer Mara falsified the probable cause declaration in some other manner. Moreover, Plaintiff asserts that Officer James improperly relied upon a citizen informant who advised the officer that drugs were being sold where Plaintiff's arrest occurred. Finally, Plaintiff asserts also that the officers acted improperly in using an unmarked police vehicle and dressed in "unusual police gear" which allowed them to enter the area the location without prior notice to those located there.

   Plaintiff admits that he was convicted of the crimes noted above and was sentenced to prison as a result. Review of the docket of the Kern County Superior Court in case number BF121526B entitled <u>People v. Kenyata Hutchinson</u>, reveals that on August 27, 2009, Plaintiff was convicted of the violations described above and was sentenced to 13 years in prison, with

---

[1]There is no such California Health & Safety Code section. Based upon the allegations in the complaint, in which Plaintiff asserts that he was arrested for being in possession of a bindle of cocaine base, presumably, Plaintiff is referring to Health & Safety Code § 11351.5.

two years suspended or stayed and credit for 99 days already served..[2]  Moreover, Plaintiff is currently seeking judicial review of his conviction in the Fifth District Court of Appeal in case number F058988.

**B.     The complaint must be dismissed because it seeks to invalidate the state court conviction**

Plaintiff asserts that his arrest was unlawful because it was not supported by probable cause.  Plaintiff alleges that the probable cause declaration was improper because it was written in two different hands and the officers who testified at his trial denied that the handwriting was theirs.  In addition, Plaintiff seems to claim that the defendants improperly relied upon information from a citizen informant regarding the sales of drugs at the location where Plaintiff's arrest occurred.  Finally, Plaintiff asserts that the probable cause declaration prepared by Defendant Mara contained falsified information.[3]

To prevail on a section 1983 claim for false arrest, a plaintiff must demonstrate that the officers did not have probable cause to arrest him.  McKenzie v. Lamb, 738 F.2d 1005, 1007 (9th Cir. 1984).  The "crucial inquiry" is whether there was "probable cause to make the arrest." Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990).  "[P]robable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily."  Franks v. Delaware, 438 U.S. 154, 165 (1978).

---

[2] A federal court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet websites for the Kern County Superior Court and the California Courts of Appeal, containing information relating to Plaintiff's criminal case, is subject to judicial notice.

[3] It appears that Plaintiff is alleging that the report falsely reported the number of bindles of cocaine base that were found at the scene. Likewise, it appears that Plaintiff is asserting that because there were two different handwritings. However, due to the ambiguity of the complaint, the Court cannot be certain that this is Plaintiff's meaning.

1    It appears from the face of the complaint, that the issue of the sufficiency of the probable

2 cause declaration was before the Kern County Superior Court and was decided unfavorably to

3 Plaintiff. On the alleged facts, a finding that there was no probable cause to arrest Plaintiff

4 would "necessarily imply" that his conviction for the charges outlined was invalid. This is not

5 permitted. In Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), the Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

13 Id., at 486-487, (footnote omitted). As a result, this Court is required to dismiss the action.

14 Wallace v. Kato, 549 U.S. 384, 394 [If the civil suit would impugn the plaintiff's conviction,

15 *Heck* requires dismissal.].

16    **C.    The Eighth Amendment does not apply to Plaintiff's claim because he was**

17    **not a convicted prisoner at the time of his arrest.**

18    Although Plaintiff appears impose liability based upon a violation of the Eighth

19 Amendment, based upon his claims that arise at the time of his arrest, rather than after his

20 conviction, the Eighth Amendment does not apply. "The Eighth Amendment's prohibition of

21 'cruel and unusual punishments' applies only 'after conviction and sentence.'" Lee v. City of Los

22 Angeles, 250 F.3d 668, 686 (9th Cir. 2001). On the other hand, the Fourth Amendment protects

23 a suspect from warrantless arrest unless there is probable cause for a police officer to believe that

24 an offense has been or is being committed. Devenpeck v. Alford, 543 U.S. 146, 152 (2004).

25 Therefore, the claim brought under the Eighth Amendment must be dismissed.

26 ///

27 ///

D. **Plaintiff may not bring a claim for damages under Article I, Sections 7 or 13 to the California Constitution.**

Plaintiff asserts claims under Article I, Sections 7 and 13 of the California Constitution based upon his allegations of false arrest. However, he may not base a claim for damages under either Section because alternative statutory and common law causes of action are available to him. Cf. Katzberg v. Regents of Univ. of Cal., 29 Cal. 4th 300, 303 (2002) (no private right of action of the due process and equal protection clauses under California Constitution, Art. I, § 7(a)); see also Wigfall v. City & County of San Francisco, No. C 06-4968 VRW, 2007 U.S. Dist. Lexis 82047, 2007 WL 174434 (N.D.Cal. Jan. 22, 2007) (providing a Katzberg analysis on the availability of damages under California Constitution, Art. I, § 13). "Neither the plain language of the article I, section 13, nor the available legislative history indicate an intent on behalf of the California Legislature to permit the recovery of monetary damages for its violation." Manning v. City of Rohnert Park, No. C 06-03435 SBA, 2007 U.S. Dist. LEXIS 31301, at *2, 2007 WL 1140434, at *1 (N.D.Cal. April 17, 2007). Therefore, the claims brought directly under the California Constitution must be dismissed.

E. **Plaintiff may not bring a claim for damages under California Penal Code section 236.**

Plaintiff seeks to impose liability on the defendants by relying upon Penal Code section 236. This statute make is a crime to falsely imprison another. However, there is no language in the statute that creates a private right of action under this criminal law statute. On the other hand, California Government Code section 820.4 provides for redress for such a factual situation. Thus, the claims brought under California Penal Code section 236 are dismissed.

## RECOMMENDATION

Based on the foregoing, the Court recommends,

1. That the complaint (Doc. 1) be DISMISSED, with prejudice, for failure to state a claim;

2. That the claims brought under the Eighth Amendment be dismissed with

| | |
|---|---|
| 1 | prejudice; |
| 2 | 3. That the claims brought directly under Article I, Section 7 and 13 of the California |
| 3 | Constitution be dismissed with prejudice; |
| 4 | 4. That the claims brought directly under California Penal Code section 236 be |
| 5 | dismissed with prejudice. |

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be filed within seven (7) days after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 21, 2010**         **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE